# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

LINDA S. KAGAN, )
)
    Plaintiff, )
)
v. )
)
HISPANIC YELLOW PAGES NETWORK, LLC, )
and JOHN DOES 1-10, )
)
    Defendants. )

08CV3553
JUDGE ANDERSEN
MAG. JUDGE VALDEZ

## NOTICE OF REMOVAL

Defendant Hispanic Yellow Pages Network, LLC ("HYP") hereby gives Notice of Removal of this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446. True and correct copies of the summons and Amended Complaint served upon HYP in this case are attached as Exhibits 1 and 2 hereto. In support of this Notice, HYP states as follows:

## BACKGROUND

1.    Plaintiff filed this case in the Circuit Court of Cook County as a putative class action under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 (2007) ("TCPA") seeking certification of a class and statutory damages. (Ex. 2 at pp. 11-12) Plaintiff claims that she received an unsolicited advertisement from HYP via facsimile, and alleges upon information and belief that the facsimile was "sent as part of a mass broadcasting of faxes."[1] (Ex. 2 ¶¶ 7, 13)

---

[1]    HYP disputes plaintiff's factual assertions regarding whether the facsimile was solicited and the purported "mass broadcasting."

Plaintiff also attempts to plead claims arising under the Illinois Consumer Fraud Act (Count II) and common law Conversion (Count III).

## JURISDICTION

2.     This Court has original jurisdiction over the plaintiff's federal TCPA claim pursuant to 28 U.S.C. § 1331, and should exercise supplemental jurisdiction over plaintiff's Consumer Fraud Act and Conversion claims pursuant to 28 U.S.C. § 1367(a).  Accordingly, removal to this Court is proper under 28 U.S.C. § 1441(b), which provides that civil actions arising under the laws of the United States may be removed regardless of the citizenship of the parties.

3.     The primary claim asserted by the plaintiff in her Amended Complaint arises under the federal TCPA, 42 U.S.C. § 227.  Plaintiff's TCPA claim is therefore within the original jurisdiction of this Court because it arises under a law of the United States pursuant to 28 U.S.C. § 1331.  As the Seventh Circuit has held, it is appropriate to remove a claim brought pursuant to the TCPA on the basis of federal question jurisdiction. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 451 (7th Cir. 2005) (in case where plaintiff asserted claim under the TCPA, holding that "[R]emoval is authorized not only by the Class Action Fairness Act but also by § 1441, because the claim arises under federal law.").

4.     The Court should exercise supplemental jurisdiction over the plaintiff's state Consumer Fraud Act and Conversion claims (Counts II and III) pursuant to 28 U.S.C. § 1367(a). The state claims are based upon the same set of operative facts as the plaintiff's TCPA claim. (*See* Ex. 2 ¶¶ 1-17, 31, 46)

5.     The federal TCPA claim substantially predominates over the pendent state claims because the TCPA claim presents the most significant potential recovery of alleged damages. Pursuant to the TCPA, plaintiffs may seek $500 in damages per violation of the TCPA, and this

amount may be trebled if the Court finds that the defendant "willfully or knowingly violated" the TCPA. 47 U.S.C. § 227(b)(3)(B). In contrast, in her Consumer Fraud Act and Conversion claims, plaintiff seeks only minimal alleged damages consisting of the value of paper and ink used to print the disputed facsimile. (Ex. 2 ¶¶ 35, 49, 51)

6.    Federal courts within this judicial district have decided TCPA cases in which plaintiffs have also attempted to assert claims under the Consumer Fraud Act and the common law of Conversion. *See, e.g., Rossario's Fine Jewelry, Inc. v. Paddock Publ'ns, Inc.*, 443 F. Supp. 2d 976, 978-79 (N.D. Ill. 2006); *Western Railway Devices Corp. v. Lusida Rubber Prods., Inc.*, 2006 WL 1697119, at *6-7 (N.D. Ill. June 13, 2006). The Consumer Fraud Act and Conversion claims that plaintiff attempts to plead in her Amended Complaint are similar to the claims asserted in *Rossario's Fine Jewelry, Inc.* and *Western Railway Devices Corp.*, and do not present any novel or complex issues of state law. Accordingly, the exercise of supplemental jurisdiction over the state claims is appropriate here.

## REMOVAL PROCEDURE

7.    HYP has followed appropriate procedure in removing this case. *First*, HYP is providing this Notice, which contains the requisite "short and plain statement of the grounds for removal." 28 U.S.C. § 1445(a). This Notice has been prepared and signed by an authorized attorney pursuant to Rule 11 of the Federal Rules of Civil Procedure. *Id.*

8.    *Second*, HYP is attaching hereto at Exhibits 1 and 2 "a copy of all process, pleadings and orders served upon [such] defendant . . .," consistent with the statute. *Id.*

9. *Third*, the records of HYP's agent for service of process reflect that the Amended Complaint was served on May 22, 2008. (*See* Notice of Service of Process, Ex. 3)[2] Because this Notice of Removal is being filed within thirty (30) days of May 22, 2008, this removal is timely pursuant to 28 U.S.C. § 1446(b).

10. *Finally*, HYP is providing notice of this removal to the plaintiff and to the state court within one business day of the filing of this Notice of Removal. See 28 U.S.C. § 1446(d).[3]

## CONCLUSION

For the reasons stated, HYP hereby removes this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois.

DATED: June 20, 2008                          Respectfully submitted,


                                              Scott W. Fowkes, P.C.
                                              Kathryn F. Taylor
                                              Adam Goldstein
                                              KIRKLAND & ELLIS LLP
                                              200 East Randolph Drive
                                              Chicago, IL 60601
                                              Telephone: (312) 861-2000
                                              Facsimile: (312) 861-2200

                                              *Attorneys for Defendant*
                                              *Hispanic Yellow Pages Network LLC*

---

[2] The Amended Complaint was the first document served upon defendant Hispanic Yellow Pages Network LLC in the case.

[3] Although plaintiffs have named "John Does 1-10" as potential parties-defendant in this case, plaintiffs have not identified any such persons or entities to HYP. Accordingly, HYP is unable to serve the unknown potential defendants who have not yet been identified in this case.

4

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2008, I caused a true and correct copy of the foregoing

Notice of Removal to be served upon the following counsel of record via U.S. mail, first class,

postage prepaid:

> Daniel A. Edelman
> Michelle R. Teggelaar
> Heather A. Kolbus
> Edelman, Combs, Latturner & Goodwin, LLC
> 120 S. LaSalle Street, 18th Floor
> Chicago, Illinois 60603

_Attorney for Defendant_
_Hispanic Yellow Pages Network, LLC_

# EXHIBIT 1

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS** | **ALIAS - SUMMONS** |

CCG N001-10M-1-07-05 (                    )

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY_____ DIVISION**

(Name all parties)

LINDA S. KAGAN,

v.

HISPANIC YELLOW PAGES NETWORK, LLC,
and JOHN DOES 1-10

No. 08 CH 16653

Hispanic Yellow Pages Network, LLC
c/o Corporation Service Company,
registered agent
2711 Centerville Rd., Suite 400
Wilmington, DE 19808

**SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802_____, Chicago, Illinois 60602

❑ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

❑ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

❑ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

❑ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

❑ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

❑ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 41106

Name: Edelman, Combs, Latturner & Goodwin LLC

Atty. for: Plaintiff

Address: 120 S. LaSalle Street, 18th Floor

City/State/Zip: Chicago, IL 60603

Telephone: 312-739-4200

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____

MAY 19, 2008

SEAL

DOROTHY BROWN

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

_____
(Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# EXHIBIT 2

Atty. No. 41106

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

LINDA S. KAGAN,　　　　　　　　　　　　　)

　　　　　　Plaintiff,　　　　　　　　　　　)

　　　　　v.　　　　　　　　　　　　　　　　)　　　　08 CH 16653

HISPANIC YELLOW PAGES　　　　　　　　　)
NETWORK, LLC,　　　　　　　　　　　　　)
and JOHN DOES 1-10,　　　　　　　　　　　)

　　　　　　Defendants.　　　　　　　　　　)

### AMENDED COMPLAINT – CLASS ACTION

### MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

　　　　1.　　　Plaintiff Linda S. Kagan brings this action to secure redress for the actions of defendant Hispanic Yellow Pages Network, LLC, in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

　　　　2.　　　The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

1

## PARTIES

3.      Plaintiff Linda S. Kagan is an individual with offices at 53 W. Jackson, Suite 1735, Chicago, IL 60604 where she maintains telephone facsimile equipment.

4.      Defendant Hispanic Yellow Pages Network, LLC is a Delaware corporation. Its registered agent and office are Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

5.      Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.

## JURISDICTION AND VENUE

6.      Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

a.      Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

b.      Have transacted business in Illinois.

c.      Are located in Illinois.

## FACTS

7.      On October 21, 2007, plaintiff Linda S. Kagan received the unsolicited fax advertisement attached as Exhibit A on her facsimile machine.

8.      Discovery may reveal the transmission of additional faxes as well.

9.      Defendant Hispanic Yellow Pages Network, LLC is responsible for sending or causing the sending of the faxes.

2

10.    Defendant Hispanic Yellow Pages Network, LLC, as the entity whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

11.    Each fax refers to a website used by defendant Hispanic Yellow Pages Network, LLC.

12.    Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

13.    On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

14.    On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

15.    There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes.  Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

16.    Furthermore, the "opt out notice" required by the TCPA even when faxes are sent with consent or pursuant to an established business relationship was not provided in the faxes at issue.

## COUNT I – TCPA

17.    Plaintiff incorporates ¶¶ 1-16.

18.    The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

3

19.     The TCPA, 47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—**

> **(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

> **(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

> **(C)  both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

20.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.  Furthermore, plaintiff's statutory right of privacy was invaded.

21.     Plaintiff and each class member is entitled to statutory damages.

22.     Defendants violated the TCPA even if their actions were only negligent.

23.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

24.     Plaintiff brings this claim on behalf of a class, consisting of (a) all persons and entities with Illinois facsimile numbers (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of

4

this action, (c) were sent faxes by or on behalf of defendant Hispanic Yellow Pages Network, LLC promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

25.    The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

26.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

a.    Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

b.    The manner in which defendants compiled or obtained their list of fax numbers;

c.    Whether defendants thereby violated the TCPA;

d.    Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

e.    Whether defendants thereby converted the property of plaintiff.

27.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

28.    A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the

5

prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

29. Several courts have certified class actions under the TCPA. Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); Lampkin v. GGH, Inc., 146 P.3d 847 (Okla. Ct. App. 2006); Kavu, Inc. v. Omnipak Corp., C06-109RSL, 2007 U.S. Dist. LEXIS 5207, at *22-23 (W.D. Wash. Jan. 23, 2007); Display South, Inc. v. Express Computer Supply, Inc., 961 So.2d 451, 455 (La. App. 1st Cir. 2007); Gene & Gene, LLC v. Biopay, LLC, 240 F.R.D. 239 (M.D. La. 2006); Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH14510 (Oct. 19, 2004); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 203 Ariz. (App.) 94, 50 P.3d 844 (2002); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see State of Texas v. American Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

30. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.    Actual damages;

b.    Statutory damages;

c.    An injunction against the further transmission of unsolicited fax advertising;

    d.    Costs of suit;

    e.    Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

31.    Plaintiff incorporates ¶¶ 1-16.

32.    Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.

33.    Unsolicited fax advertising is contrary to the TCPA and also Illinois public policy, as set forth in 720 ILCS 5/26-3(b), which makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

34.    Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

35.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

36.    Defendants engaged in such conduct in the course of trade and commerce.

37.    Defendants' conduct caused recipients of their advertising to bear the cost thereof. This gave defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink. "Receiving a junk fax is like getting junk mail with the postage due". Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

7

38.     Defendants' shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair.  In addition, defendants' conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

39.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

40.     Plaintiff brings this claim on behalf of a class, consisting of (a) all persons and entities with Illinois facsimile numbers (b) who, on or after a date 3 years prior to the filing of this action, and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Hispanic Yellow Pages Network, LLC promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

41.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

42.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

a.     Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

b.     Whether defendants thereby violated the TCPA;

c.     Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

8

        d.      Whether defendants thereby converted the property of plaintiff.

43.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

44.     A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

45.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

        a.      Appropriate damages;

        b.      An injunction against the further transmission of unsolicited fax advertising;

        c.      Attorney's fees, litigation expenses and costs of suit;

        d.      Such other or further relief as the Court deems just and proper.

### COUNT III – CONVERSION

46.     Plaintiff incorporates ¶¶ 1-16.

47.     By sending plaintiff and the class members unsolicited faxes, defendants converted to their own use ink or toner and paper belonging to plaintiff and the class members.

9

48.    Immediately prior to the sending of the unsolicited faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

49.    By sending the unsolicited faxes, defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable.  Such appropriation was wrongful and without authorization.

50.    Defendants knew or should have known that such  appropriation of the paper and ink or toner was wrongful and without authorization.

51.    Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose.  Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

52.    Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

53.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons and entities with Illinois facsimile numbers (b) who, on or after a date 5 years prior to the filing of this action and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Hispanic Yellow Pages Network, LLC promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

54.    The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

10

55.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

a.     Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

b.     Whether defendants thereby violated the TCPA;

c.     Whether defendants thereby committed the tort of conversion;

d.     Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

e.     Whether defendants thereby converted the property of plaintiff.

56.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

57.     A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

58.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

11

      a.      Appropriate damages;

      b.      An injunction against the further transmission of unsolicited fax

advertising;

      c.      Costs of suit;

      d.      Such other or further relief as the Court deems just and proper.


_____

Daniel A. Edelman


Daniel A. Edelman
Michelle R. Teggelaar
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
Atty. No. 41106

T:\21357\Pleading\Amended Complaint_Pleading.wpd

12

## NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

_____
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

# EXHIBIT A



Linda Eagan

Henry
Directorio en Español
773 472-9143
henrylg@sbcglobal.net

We are working on the 2008 Chicago edition of Directorio en Español
formerly Guia/Spanish Yellow Pages.

We have been publishing our Spanish directories for over 27 years in Chicago and
suburbs. Over 100,000 suburban families will use the book to make important
buying decisions. The book will be distributed May 2008.

I have special intro rates to show you how successful and powerful the Spanish Yellow
Pages can be to grow your business with families in the Latin community.

Please let me know if we can schedule a time to discuss ideas and make 2007 a very
successful year with the Spanish community in Chicago.

Sincerely,

HENRY

5104 N. Ravenswood Avenue • Chicago, IL 60640 • Phone: 773.275.4842 • Fax: 773.769.2863 • www.hypnetwork.com

# EXHIBIT 3



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

AYZ / ALL
Transmittal Number: 5798047
Date Processed: 05/23/2008

| Primary Contact: | David N Britsch |
|---|---|
| | Kirkland & Ellis LLP |
| | 153 East 53rd Street |
| | Floor 39th Citigroup Center |
| | New York, NY 10022-4675 |

| | |
|---|---|
| Entity: | Hispanic Yellow Pages Network LLC |
| | Entity ID Number 2229704 |
| Entity Served: | Hispanic Yellow Pages Network, LLC |
| Title of Action: | Linda S. Kagan vs. Hispanic Yellow Pages Network, LLC |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Other |
| Court: | Cook Circuit Court, Illinois |
| Case Number: | 08 CH 16653 |
| Jurisdiction Served: | Delaware |
| Date Served on CSC: | 05/22/2008 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Daniel A. Edelman |
| | 312-739-4200 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com