**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LINDA S. KAGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 08 C 3553 |
| v. | ) | |
| | ) | Judge Andersen |
| HISPANIC YELLOW PAGES | ) | Magistrate Judge Valdez |
| NETWORK, LLC, | ) | |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED COMPLAINT (FEDERAL) - CLASS ACTION**

**INTRODUCTION**

1.　　Plaintiff Linda S. Kagan brings this action to secure redress for the actions of defendant Hispanic Yellow Pages Network, LLC, in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2.　　The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

**PARTIES**

3.　　Plaintiff Linda S. Kagan is an individual with offices at 53 W. Jackson,

1

Suite 1735, Chicago, IL 60604 where she maintains telephone facsimile equipment.

4.      Defendant Hispanic Yellow Pages Network, LLC is a Delaware

corporation.  Its registered agent and office are Corporation Service Company, 2711 Centerville

Road, Suite 400, Wilmington, DE 19808.

5.      Defendants John Does 1-10 are other natural or artificial persons that were

involved in the sending of the facsimile advertisements described below.  Plaintiff does not know

who they are.

**JURISDICTION AND VENUE**

6.      This Court has subject-matter jurisdiction under 28 U.S.C. § 1331.

7.      Personal jurisdiction and venue are proper in this district in that

defendants:

a.      Have committed tortious acts in Illinois by causing the

transmission of unlawful communications into the state.

b.      Have transacted business in Illinois.

**FACTS**

8.      On October 21, 2007, plaintiff Linda S. Kagan received the unsolicited fax

advertisement attached as Exhibit A on her facsimile machine.

9.      Discovery may reveal the transmission of additional faxes as well.

10.     Defendant Hispanic Yellow Pages Network, LLC is responsible for

sending or causing the sending of the faxes.

11.     Defendant Hispanic Yellow Pages Network, LLC, as the entity whose

products or services were advertised in the faxes, derived economic benefit from the sending of

2

the faxes.

12.    Each fax refers to a website used by defendant Hispanic Yellow Pages Network, LLC.

13.    Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

14.    On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

15.    On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

16.    There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes.  Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

17.    Furthermore, the "opt out notice" required by the TCPA even when faxes are sent with consent or pursuant to an established business relationship was not provided in the faxes at issue.

## <u>COUNT I – TCPA</u>

18.    Plaintiff incorporates ¶¶ 1-17.

19.    The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

20.    The TCPA,  47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

> **(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>
> **(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>
> **(C)  both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

21.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.  Furthermore, plaintiff's statutory right of privacy was invaded.

22.    Plaintiff and each class member is entitled to statutory damages.

23.    Defendants violated the TCPA even if their actions were only negligent.

24.    Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

25.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons and entities with Illinois facsimile numbers (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Hispanic Yellow Pages Network, LLC promoting its goods or services for sale (d) and who were not provided an "opt out" notice

4

as described in 47 U.S.C. §227.

26.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

27.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

a.     Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

b.     The manner in which defendants compiled or obtained their list of fax numbers; and

c.     Whether defendants thereby violated the TCPA;

28.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

29.     A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

30.     Several courts have certified class actions under the TCPA.  Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005);  Lampkin v.

GGH, Inc., 146 P.3d 847 (Okla. Ct. App. 2006); Kavu, Inc. v. Omnipak Corp., C06-109RSL, 2007 U.S. Dist. LEXIS 5207, at *22-23 (W.D. Wash. Jan. 23, 2007); Display South, Inc. v. Express Computer Supply, Inc., 961 So.2d 451, 455 (La. App. 1st Cir. 2007); Gene & Gene, LLC v. Biopay, LLC, 240 F.R.D. 239 (M.D. La. 2006); Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH14510 (Oct. 19, 2004); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 203 Ariz. (App.) 94, 50 P.3d 844 (2002); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see State of Texas v. American Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

31.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.    Actual damages;

b.    Statutory damages;

c.    An injunction against the further transmission of unsolicited fax advertising;

d.    Costs of suit;

e.    Such other or further relief as the Court deems just and proper.


  /s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Michelle R. Teggelaar
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\21357\Pleading\Amended Complaint as filed_Pleading.WPD

## <u>NOTICE OF LIEN</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.


   /s/ Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

8

## <u>CERTIFICATE OF SERVICE</u>

I, Daniel A. Edelman, certify that on June 26, 2008 I caused a true and accurate copy of the foregoing document to be served upon the party listed below via the Court's CM/ECF system.

Kathryn Taylor
kftaylor@kirkland.com

Scott Fowkes
sfowkes@kirkland.com

Adam J. Goldstein
agoldstein@kirkland.com

s/Daniel A. Edelman
Daniel A. Edelman

# EXHIBIT A



Linda Ragan

Henry
Directorio en Espanol
773 472-9143
henryjp@sbcglobal.net

We are working on the 2008 Chicago edition of Directorio en Espanol
formerly Guia/Spanish Yellow Pages.

We have been publishing our Spanish directories for over 27 years in Chicago and
suburbs. Over 100,000 suburban families will use the book to make important
buying decisions. The book will be distributed May 2008.

I have special intro rates to show you how successful and powerful the Spanish Yellow
Pages can be to grow your business with families in the Latin community.

Please let me know if we can schedule a time to discuss ideas and make 2007 a very
successful year with the Spanish community in Chicago.

Sincerely,

HENRY

5104 N. Ravenswood Avenue • Chicago, IL 60640 • Phone: 773.275.4842 • Fax: 773.769.2863 • www.hypnetwork.com

Oct. 21 2007 02:04PM P1        FAX NO. : 7734723094        FROM :