UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINDA S. KAGAN,<br><br>    Plaintiff,<br><br>v.<br><br>HISPANIC YELLOW PAGES<br>NETWORK, LLC,<br>and JOHN DOES 1-10,<br><br>    Defendants. | 08 CV 3553<br><br>Judge Andersen<br>Magistrate Judge Valdez |

### DEFENDANT HYP NETWORK, LLC'S ANSWER TO PLAINTIFF'S "AMENDED COMPLAINT (FEDERAL) - CLASS ACTION"

Defendant HYP NETWORK, LLC ("HYP"), by and through its counsel, KIRKLAND & ELLIS LLP, hereby responds to Plaintiff LINDA S. KAGAN's ("Plaintiff" or "Kagan") "Amended Complaint (Federal) - Class Action," and states as follows:

1.  Plaintiff Linda S. Kagan brings this action to secure redress for the actions of defendant Hispanic Yellow Pages Network, LLC, in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C § 227 ("TCPA").

**ANSWER:** HYP admits that plaintiff purports to bring this action against HYP pursuant to the TCPA. HYP denies any remaining allegations in paragraph 1.

2.  The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

**ANSWER:** The allegations of paragraph 2 are legal conclusions to which no response is required. To the extent a response is required, HYP states that the TCPA is a federal statute that

speaks for itself, and denies the first sentence of paragraph 2 to the extent that it does not fairly and accurately describe all pertinent provisions of the TCPA. HYP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2 and therefore denies the same.

3.  Plaintiff Linda S. Kagan is an individual with offices at 53 W. Jackson, Suite 1735, Chicago, IL 60604 where she maintains telephone facsimile equipment.

**ANSWER:** HYP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and therefore denies the same.

4.  Defendant Hispanic Yellow Pages Network, LLC is a Delaware corporation. Its registered agent and office are Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

**ANSWER:** HYP denies that it is a corporation, and states that it is a limited liability company organized under the laws of the state of Delaware. HYP admits that its registered agent is Corporation Service Company, 2711 Centerville Road, Wilmington, Delaware. HYP denies the remaining allegations of paragraph 4.

5.  Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.

**ANSWER:** HYP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and therefore denies the same.

6.  This Court has subject-matter jurisdiction under 28 U.S.C. § 1331.

**ANSWER:** Paragraph 6 is a legal conclusion to which no response is required. To the extent a response is required, HYP admits the allegations of paragraph 6 of the Complaint.

7.  Personal jurisdiction and venue are proper in this district in that defendants:

   a.  Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

   b.  Have transacted business in Illinois.

**ANSWER:** Paragraph 7 is a legal conclusion to which no response is required. To the extent a response is deemed necessary, HYP admits that it has "transacted business in Illinois" and denies the remaining allegations in paragraph 7. With respect to any defendant other than HYP, HYP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and therefore denies the same.

8. On October 21, 2007, plaintiff Linda S. Kagan received the unsolicited fax advertisement attached as <u>Exhibit A</u> on her facsimile machine.

**ANSWER:** HYP denies that the <u>Exhibit A</u> was an "unsolicited fax advertisement." HYP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 and therefore denies the same.

9. Discovery may reveal the transmission of additional faxes as well.

**ANSWER:** HYP states that plaintiff's reference in this paragraph to "additional faxes" is vague, and therefore HYP cannot answer this paragraph. To the extent an answer is deemed necessary, HYP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and therefore denies the same.

10. Defendant Hispanic Yellow Pages Network, LLC is responsible for sending or causing the sending of the faxes.

**ANSWER:** HYP states that plaintiff's reference in this paragraph to "the faxes" is vague, and therefore HYP cannot answer paragraph 10. To the extent an answer is deemed necessary, HYP denies sending unsolicited faxes and therefore denies the allegations of paragraph 10.

11. Defendant Hispanic Yellow Pages Network, LLC, as the entity whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

**ANSWER:** HYP states that plaintiff's reference in this paragraph to "the faxes" is vague and therefore HYP cannot answer paragraph 11. To the extent an answer is deemed necessary,

HYP denies that it received any economic benefit as a result of the fax attached as Exhibit A to plaintiff's complaint.

    12.    Each fax refers to a website used by defendant Hispanic Yellow Pages Network, LLC.

    **ANSWER:** HYP admits that <u>Exhibit A</u> refers to the website www.hypnetwork.com, a website used by HYP. HYP states that plaintiff's reference to "[e]ach fax" is vague to the extent that it purports to reference faxes other than <u>Exhibit A</u>, and therefore HYP cannot answer this paragraph further. To the extent an answer is deemed necessary, HYP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and therefore denies those allegations.

    13.    Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

    **ANSWER:** HYP denies the allegations of paragraph 13.

    14.    On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

    **ANSWER:** HYP denies the allegations of paragraph 14, and further states that only one fax is attached to the Complaint.

    15.    On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

    **ANSWER:** HYP denies the allegations of paragraph 15 to the extent they are directed to HYP. With respect to any defendant other than HYP, HYP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and therefore denies the same.

    16.    There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

**ANSWER:** HYP denies that plaintiff received any "unsolicited advertising faxes" from HYP and therefore denies the allegations of the first sentence of this paragraph. HYP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16 and therefore denies the same.

17.     Furthermore, the "opt out notice" required by the TCPA even when faxes are sent with consent or pursuant to an established business relationship was not provided in the faxes at issue.

**ANSWER:** Paragraph 17 is a legal conclusion to which no response is required. To the extent a response is required, HYP states that the TCPA is a federal statute that speaks for itself, and denies that the TCPA requires any "opt out notice" when faxes are sent with the express consent of the recipient. HYP further states that plaintiff's reference in this paragraph to "the faxes at issue" is vague, and therefore HYP cannot answer paragraph 17 further. To the extent an answer is deemed necessary, HYP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17, and therefore denies the same.

18.     Plaintiff incorporates ¶¶ 1-17.

**ANSWER:** HYP incorporates its responses to paragraphs 1-17 as if fully restated herein.

19.     The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…" 47 U.S.C. § 227(b)(1)(C).

**ANSWER:** Paragraph 19 is a legal conclusion to which no response is required. To the extent a response is required, HYP states that the TCPA is a federal statute that speaks for itself and denies the allegations of paragraph 19 to the extent that they do not accurately and completely quote all material provisions of the TCPA or are otherwise inconsistent with the plain statutory text thereof.

20.     The TCPA, 47 U.S.C. §§ 227(b)(3), provides:

**Private right of action.**

> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State-**
>
> > **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
> >
> > **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
> >
> > **(C) both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

**ANSWER:** Paragraph 20 is a legal conclusion to which no response is required. To the extent a response is required, HYP states that the TCPA speaks for itself, and denies the allegations of paragraph 20 to the extent they are inconsistent with the plain statutory text.

21.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

**ANSWER:** HYP denies the existence of any class as alleged and denies the remaining allegations of paragraph 21.

22.    Plaintiff and each class member is entitled to statutory damages.

**ANSWER:** HYP denies the existence of any class as alleged and denies the remaining allegations of paragraph 22.

23.    Defendants violated the TCPA even if their actions were only negligent.

**ANSWER:** Paragraph 23 is a legal conclusion to which no response is required. To the extent a response is deemed necessary, HYP denies the allegations of this paragraph to the extent the allegations are directed to HYP. With respect to any defendant other than HYP, HYP is

without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and therefore denies the same.

24. Defendants should be enjoined from committing similar violations in the future.

**ANSWER:** HYP denies the allegations of paragraph 24 to the extent those allegations are directed to HYP. With respect to any defendant other than HYP, HYP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and therefore denies the same.

25. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons and entities with Illinois facsimile numbers (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. § 1658), and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Hispanic Yellow Pages Network, LLC promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. § 227.

**ANSWER:** HYP admits that plaintiff purports to bring her claims on behalf of a putative class, but denies the existence of any class as alleged and denies the remaining allegations of paragraph 25.

26. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

**ANSWER:** HYP denies the existence of any class as alleged and denies the remaining allegations of paragraph 26.

27. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

    b. The manner in which defendants compiled or obtained their list of fax numbers; and

    c. Whether defendants thereby violated the TCPA;

**ANSWER:** Paragraph 27 is a legal conclusion to which no response is required. To the extent a response is deemed necessary, HYP denies the existence of any class as alleged and denies the remaining allegations of paragraph 27 of the Complaint to the extent those allegations are directed to HYP. With respect to any defendant other than HYP, HYP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and therefore denies the same.

28.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interest which might cause them not to vigorously pursue this action.

**ANSWER:** HYP denies the existence of any class as alleged and therefore denies the allegations of the first sentence of paragraph 28. HYP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 28 and therefore denies the same.

29.     A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

**ANSWER:** Paragraph 29 is a legal conclusion to which no response is required. To the extent a response is deemed necessary, HYP denies the existence of any class as alleged and therefore denies the allegations of paragraph 29.

30.     Several courts have certified class actions under the TCPA. <u>Travel 100 Group, Inc. v. Empire Cooler Service, Inc.</u>, 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); <u>Rawson v. C.P. Partners LLC</u>, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30 2005); <u>Lampkin v. GGH, Inc.</u> 146 P.3d 847 (Okla. Ct. App. 2006); <u>Kavu, Inc. v. Omnipak Corp.</u>, C06-109RSL, 2007 U.S. Dist. LEXIS 5207, at *22-23 (W.D. Wash. Jan. 23, 2007); <u>Display South, Inc. v. Express Computer Supply, Inc.</u>, 961 So.2d 451, 455 (La. App. 1st Cir. 2007); <u>Gene & Gene, LLC v. Biopay, LLC</u>, 240 F.R.D. 239 (M.D. La. 2006); <u>Travel 100 Group, Inc. v. Empire Cooler Service, Inc.</u>, 03 CH14510 (Oct. 19, 2004); <u>ESI Ergonomic Solutions,LLC v. United Artists Theatre Circuit, Inc.</u>, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); <u>Core Funding Group, LLC v. Young</u>, 792 N.E.2d 547 (Ind.App. 2003); <u>Nicholson v. Hooters of Augusta, Inc.</u>, 245 Ga.App. 363, 537 S.E.2d 468

(2000) (private class actions); see State of Texas v. American Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

**ANSWER:** Paragraph 30 is a legal conclusion to which no response is required. To the extent an answer is deemed required, HYP states that the legal opinions cited in this paragraph speak for themselves. HYP declines to further answer paragraph 30 because plaintiff's prolix string citation of legal authorities is not a "short and plain statement" and otherwise violates the requirements of Federal Rule of Civil Procedure 8(a)(2).

31. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

**ANSWER:** HYP denies the existence of any class as alleged and denies the allegations of paragraph 31.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    a. Actual damages;

    b. Statutory damages;

    c. An injunction against the further transmission of unsolicited fax advertising;

    d. Costs of suit;

    e. Such other or further relief as the Court deems just and proper.

**ANSWER:** HYP denies the existence of any class as alleged, and denies that the plaintiff or any other person(s) are entitled to the relief requested, or to any relief whatsoever.

## **AFFIRMATIVE DEFENSES**

Pending further investigation and discovery, HYP alleges the following Affirmative Defenses without assuming the burden of proof where such burden otherwise would be on plaintiff pursuant to the applicable substantive or procedural law.

## FIRST DEFENSE - FAILURE TO STATE A CLAIM

Plaintiff fails to state a claim that would entitle her to some or all of the relief requested.

## SECOND DEFENSE - EXPRESS CONSENT

The facsimile advertisement complained of was not "unsolicited" because it was transmitted with the plaintiff's (or one of her agent's) prior express permission and/or invitation.

## THIRD DEFENSE - EQUITABLE ESTOPPEL

Plaintiff's claim is barred by the doctrine of equitable estoppel given her express invitation of the fax advertisement at issue.

## FOURTH DEFENSE - LACK OF STANDING

Plaintiff's claim is barred by Article III of the United States Constitution because neither she nor any purported class members suffered any injury-in-fact as a result of HYP's alleged conduct.

## FIFTH DEFENSE - LACHES

Plaintiff's claim is barred by the doctrine of laches given her unreasonable delay in filing suit.

## CONDITIONAL APPLICATION OF ALL AFFIRMATIVE DEFENSES TO PLAINTIFF'S ALLEGED CLASS

HYP opposes class certification and disputes the propriety of class treatment. If the Court does certify a class over HYP's objections, however, then HYP asserts the above Affirmative Defenses against each member of any such certified class. This Affirmative Defense, therefore, is conditional, and applies only in the event of class certification.

WHEREFORE, HYP respectfully requests that this Court enter judgment against Plaintiff and in favor of HYP on all aspects of the Complaint in this action.

Dated:   July 31, 2008	Respectfully submitted,


  /s/ Scott W. Fowkes, P.C.
Scott W. Fowkes, P.C.
Kathryn F. Taylor
Adam J. Goldstein
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
Telephone:   (312) 861-2000
Facsimile:   (312) 861-2200


ATTORNEYS FOR DEFENDANT
HYP NETWORK, LLC

**CERTIFICATE OF SERVICE**

I, Scott W. Fowkes, P.C., hereby certify that on July 31, 2008, I caused a true and accurate copy of the foregoing DEFENDANT HYP NETWORK, LLC'S ANSWER TO PLAINTIFF'S "AMENDED COMPLAINT (FEDERAL) - CLASS ACTION" to be filed with the Clerk of the Court through this Court's CM/ECF system and served electronically to the individuals listed below:

> Daniel A. Edelman
> Cathleen M. Combs
> James O. Latturner
> Heather A. Kolbus
> **Edelman, Combs, Latturner & Goodwin, LLC**
> 120 South LaSalle Street
> 18th Floor
> Chicago, IL 60603
> (312) 739-4200
> Email: courtecl@edcombs.com
> Email: ccombs@edcombs.com
> Email: jlatturner@edcombs.com
> Email: hkolbus@edcombs.com

    /s/ Scott W. Fowkes, P.C.
Scott W. Fowkes, P.C.